UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DESIRAE MARIE STRAUSER, | |
| Plaintiff, | Case No. _____ |
| v. | |
| MECHANICSBURG LEARNING CENTER, | JURY TRIAL DEMANDED |
| Defendant. | |

## **COMPLAINT**

NOW COMES Plaintiff, Desirae Marie Strauser, by and through her attorney, Christi Wallace, Esquire, and files this Complaint alleging as follows:

### **I. Nature of the Action**

1. Plaintiff bring this Complaint to recover damages under Americans with Disabilities Act ("ADA"), 42 U.S.C. 12101. Plaintiff faced discrimination and retaliation under ADA for her association with her disabled son.

### **II. Jurisdiction and Venue**

2. This action arises under ADA, 42 U.S.C. 12101 et seq. This Court has jurisdiction over Plaintiff's discrimination claims pursuant to 28 U.S.C. § 1331

3. This Court has supplemental jurisdiction over Plaintiff's discrimination claims pursuant to 28 U.S.C. § 1332(a).

### **III. Parties**

4. Plaintiff, Desirae Marie Strauser ("Plaintiff"), is an adult individual residing at 3905 Locust Lane, Harrisburg, PA 17109.

5.      Defendant, Mechanicsburg Learning Center ("Defendant"), is a business with a location at 606 E. Simpson St., Mechanicsburg, PA 17055.

## IV. Facts

6.      Plaintiff became employed with Defendant as a Group Supervisor on or about March 25, 2013.

7.      On September 9, 2015, Plaintiff delivered her son four months premature.

8.      When Plaintiff returned to work after maternity leave, she informed Director of Program, Mary Danella ("Ms. Danella"), that her son had to see medical specialists.

9.      Ms. Danella stated, "no problem, I'll work with you."

10.     Plaintiff asked for FMLA paperwork and was told, "not to worry about it, your job is safe."

11.     On January 31, 2016, Plaintiff's son started periodically crossing his left eye inward.

12.     Plaintiff was told by Defendant that employees were not permitted to make afternoon doctor's appointments.

13.     Plaintiff explained her son's disability and that her son's eye doctor, Dr. Soni, only takes afternoon appointments to Ms. Danella.

14.     Plaintiff scheduled an appointment with Dr. Soni for her son for March 9, 2016 at 2:00 p.m.  Plaintiff was told by Dr. Soni's office there were no other appointments available until August 2016.

15.     Plaintiff subsequently called Ms. Danella on March 2, 2016 and told her she would need a few hours off the afternoon of March 9th to take her son to the eye doctor.

16.     Mr. Danella said she would have to "look at her schedule to say yes or no."

2

17.    The next day, March 3, 2016, Ms. Donella called Plaintiff and told her she could not give me time off.  Plaintiff would need to have someone else take her son to his appointment or cancel.

18.    Plaintiff explained to Ms. Danella that she is a single mother and did not have anyone else to take her son to the eye doctor.

19.    During this conversation, Plaintiff asked Ms. Danella what would happen to her if she did not come to work on March 9th. Ms. Danella said "then I'm going to have to fire you."

20.    As a result of this conversation, Assistant Director, Charise Kauffman ("Ms. Kauffman"), came to Plaintiff and began yelling at Plaintiff.

21.    Plaintiff denied she was quitting and refused to sign any resignation form.

22.    Ms. Danella started wagging her finger in Plaintiff's face and said she would "fight unemployment and submit the resignation."

23.    Plaintiff stated, "that is fraud" and did not sign the resignation.

24.    Ms. Kauffman then yelled angrily at Plaintiff to leave, saying she would "pay the damn unemployment."

25.    Plaintiff learned after her separation from Lyndsay Busler and Taralyn Fahler that Ms. Danella was telling the employees that Plaintiff was fired.

26.    Plaintiff was terminated on March 3, 2016.

### V. Allegations

### Count I
### Disability Discrimination

27.    Paragraphs 1-26 are incorporated herein by reference as though set forth in full.

28.    Plaintiff's premature baby had a disability.

3

29.    Defendant became aware of Plaintiff's son's needs as she informed her boss, Ms. Danella, of her son's disability on September 9, 2015.

30.    Defendant engaged in the following discrimination in violation of the ADA:

    a.    Defendant refused to provide a reasonable accommodation.

        i.    Plaintiff's accommodation was not burdensome and would not cause undue hardship.

        ii.    Plaintiff simply required a few hours off during the afternoon so she could take her son to the only appointment available.

        iii.    She was denied.

    b.    As soon as Defendant learned of Plaintiff's son's disability and the need for future care, they retaliated against her and fired her.

### Request for Relief

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against the Defendant for the following:

    a.    Loss of wages;

    b.    Loss of future wages;

    c.    Additional punitive and/or compensatory damages;

    d.    Plaintiff's legal fees;

    e.    Pre-judgment and continuing interest;

    f.    Court costs; and

    g.    Other such relief as the Court may deem just and proper.

Respectfully submitted,

Christi Wallace

Christi Wallace, Esq.
Kraemer, Manes and Associates, LLC
U.S. Steel Tower, 48th Floor
600 Grant Street, Suite 4875
Pittsburgh, PA 15219