# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DESIRAE MARIE STRAUSER,** | : | CIVIL ACTION NO. 1:17-CV-1653 |
| Plaintiff | : | (Chief Judge Conner) |
| v. | : | |
| **MECHANICSBURG LEARNING CENTER,** | : | |
| Defendant | : | |

## MEMORANDUM

Plaintiff Desirae Marie Strauser ("Strauser") commenced this action against defendant Mechanicsburg Learning Center pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*. (See Doc. 9). Before the court is Mechanicsburg Learning Center's motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Doc. 18). The court will grant Mechanicsburg Learning Center's motion.

## I. Factual Background & Procedural History

Strauser started working at Mechanicsburg Learning Center in March 2013. (Doc. 9 ¶ 6). On September 9, 2015, she gave birth to her son four months premature. (Id. ¶ 7). Strauser told her boss Mary Danella ("Danella"), Mechanicsburg Learning Center's Director of Program, that her son had a disability that same day. (Id. ¶ 29). When Strauser returned to work after maternity leave, she told Danella that her son "had to see medical specialists." (Id. ¶ 8). Danella responded that this request was "no problem" and that she would work with Strauser. (Id. ¶ 9).

Starting in January 2016, Strauser's son began experiencing issues with his left eye.  (Id. ¶ 11).  Strauser met with Danella about her son's disability and told Danella that her son's doctor only saw patients in the afternoon.  (Id. ¶ 13).  At some point, Strauser learned that Mechanicsburg Learning Center did not allow employees to schedule doctor's appointments for the afternoon.  (Id. ¶ 12).  On March 2, 2016, Strauser informed Danella that she needed to leave work early on the afternoon of March 9 to take her son to his doctor.  (Id. ¶ 15).  Danella stated that she would have to check the schedule.  (Id. ¶ 16).

The next day, Danella denied Strauser's request for time off and recommended that she find someone else to take her son to his appointment.  (Id. ¶ 17).  Strauser explained that there was no one else to take him and asked Danella what would happen if she missed work because of the appointment.  (Id. ¶ 19).  Danella responded that she would have to fire Strauser.  (See id.)  A disagreement ensued between Strauser, Danella, and another employee regarding Strauser's employment status.  (See id. ¶¶ 20-24).  Danella terminated Strauser's employment that same day.  (See id. ¶ 26).

Strauser commenced the instant action alleging violations under the ADA.  She subsequently filed an amended complaint asserting an association discrimination claim.  Mechanicsburg Learning Center moves for judgment on the pleadings under Federal Rule of Civil Procedure 12(c).  The motion is fully briefed and ripe for disposition.

## II. Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint, the court conducts a three-step inquiry. See Santiago v. Warminster Township, 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. at 130 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded. Id. at 131-32; see Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 556. A claim is facially plausible when the plaintiff pleads facts "that allow[]

3

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

A motion for judgment on the pleadings is the procedural hybrid of a motion to dismiss and a motion for summary judgment. Rule 12(c) of the Federal Rules of Civil Procedure provides: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). To succeed on a motion under Rule 12(c), the movant must clearly establish that no material issue of fact remains to be resolved and that "he is entitled to judgment as a matter of law." Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 220 (3d Cir. 2005); see 5C CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1368 (3d ed. 2015). The Rule 12(c) motion is decided under the same standard applicable to a Rule 12(b)(6) motion to dismiss. See Spruill v. Gillis, 372 F.3d 218, 223 n.2 (3d Cir. 2004).

### III. Discussion

Under the ADA's association provision, an employer is prohibited from "excluding or otherwise denying equal jobs or benefits to" an individual based upon the individual's relationship or association with a disabled person. 42 U.S.C. § 12112(b)(4). To establish a *prima facie* case of association discrimination, Strauser must allege that: (1) she was "'qualified' for the job at the time of the adverse employment action;" (2) she was "subjected to [an] adverse employment action;" (3) Mechanicsburg Learning Center knew that she had "a relative or associate with a disability" at the time of the adverse employment action; and (4) "the adverse employment action occurred under circumstances raising a reasonable inference

4

that the disability of the relative or associate was a determining factor in the employer's decision." See Erdman v. Nationwide Ins. Co., 621 F. Supp. 2d 230, 234 (M.D. Pa. 2007), (Conner, J.) aff'd, 582 F.3d 500 (3d Cir. 2009) (quoting Den Hartog v. Wasatch Acad., 129 F.3d 1076, 1085 (10th Cir. 1997)). In the matter *sub judice*, the parties dispute only the fourth element: whether Strauser has adequately alleged that her son's disability was a determining factor in Mechanicsburg Learning Center's decision to terminate her employment. (See Doc. 9 ¶ 34; Doc. 19 at 5, 7-8; Doc. 20 at 1; Doc. 20-1 at 7-8; Doc. 23 at 7).

The association provision does not require an employer "to accommodate the schedule of an employee with a disabled relative." Erdman, 582 F.3d at 510. However, an employer cannot terminate an employee based on "unfounded stereotypes or assumptions about the need to care for a disabled person." Id. Thus, in order to survive Rule 12 scrutiny, Strauser must show that her termination was motivated by her son's disability rather than her "stated intention to miss work." Id.; see also Huggard v. Crown Bank, No. 11-6194, 2012 WL 529548, at *3 (D.N.J. Feb. 17, 2012). In other words, Strauser must allege facts demonstrating that she "would not have been fired if she had requested time off for a different reason." Erdman, 582 F.3d at 510 (citing Den Hartog, 129 F.3d at 1085). A "close temporal connection" between the employer's discovery of the relative's disability and the adverse employment action may suggest that the disability was a determining factor in the employer's decision. See id. at 511 (quoting Strate v. Midwest Bankcentre, Inc., 398 F.3d 1011, 1019 (8th Cir. 2005)); see also Huggard, 2012 WL 529548, at *5.

Strauser contends that Mechanicsburg Learning Center terminated her employment because of her son's disability. (See Doc. 9 ¶¶ 34, 37). The amended complaint fails to aver sufficient facts from which we could draw this conclusion. For instance, Strauser expressly states that employees at Mechanicsburg Learning Center are "not permitted to make afternoon doctor's appointments." (Doc. 9 ¶ 12). Thus, by her own *allegata*, Strauser suggests that she would have been fired if she had requested time off for *any* doctor's appointment, regardless of whether it concerned her son's disability. See Erdman, 582 F.3d at 510. We further find that Strauser fails to plausibly allege that Mechanicsburg Learning Center terminated her employment based on "unfounded stereotypes or assumptions" that she would need to miss work to care for her son. *Per contra*, Strauser herself told Danella that her son's doctor only sees patients in the afternoon and that Strauser is the only person who could take him to his appointments. (Doc. 9 ¶¶ 13, 18). Strauser was terminated only after Danella informed her that she could not take off work on the afternoon of March 9 and Strauser responded by asking what would happen to her if she did not come to work on that date. (Id. ¶¶ 17, 19-26).

Strauser also avers that the "short temporal proximity of time" between her request for time off and her termination further evinces that her son's disability was a determining factor in Mechanicsburg Learning Center's decision. (Id. ¶ 34). Strauser misapprehends the framework for assessing temporal proximity. Courts consider the length of time between when the employer first learned about the disability and the adverse employment action. See Erdman, 582 F.3d at 511. Mechanicsburg Learning Center "became aware" of Strauser's son's disability

6

approximately six months before her termination date. (Doc. 9 ¶¶ 29, 34). This significant length of time does not imply, on its own, that her son's disability was a determining factor in her alleged adverse employment action. See Erdman, 582 F.3d at 511; cf. Strate, 398 F.3d at 1019-1021. Accordingly, we find that Strauser fails to plausibly allege that Mechanicsburg Learning Center violated the ADA's association provision.

## IV. Conclusion

The court will grant Mechanicsburg Learning Center's motion (Doc. 18) for judgment on the pleadings. Because Strauser's claims are factually rather than legally flawed, dismissal will be without prejudice. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated: July 26, 2018